# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PLUMBERS & PIPEFITTERS LOCAL
UNION NO. 803 HEALTH & WELFARE
FUND, ET AL.,

                **Plaintiffs,**

-vs-                                                  **Case No.  6:04-cv-1206-Orl-28KRS**

OBA MIDWEST, LTD, AND ADVANCED
ADMINISTRATION, INC.,

                **Defendants.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

---

**MOTION:**      **PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM DEFENDANT OBA MIDWEST, LET. (Doc. No. 69)**

**FILED:**        **November 23, 2005**

---

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

---

      Plaintiffs seek an order compelling Defendant OBA Midwest, Ltd. ("OBA") to provide more complete responses to certain of its second set of interrogatories.  The motion reflects that the interrogatory answers provided by OBA were not verified, in violation of the requirement of Fed. R. Civ. P. 33 that sworn answers to interrogatories be provided.  Therefore, it is **ORDERED** that the motion is **GRANTED** to the extent that OBA shall serve verified answers to the plaintiffs' second set

of interrogatories.  In its sworn responses, OBA should state the knowledge within its possession, custody and control.  Qualifications to answers, such as "to the best of OBA Midwest, Ltd.'s knowledge," are not proper.[1]

The plaintiffs also seek an order compelling a further response to certain of the plaintiffs' second request for production of documents.  This portion of the request is also **GRANTED** in part.  OBA should produce for inspection and copying all documents within its possession, custody or control in response to the requests at issue in the motion.  Qualifications to answers, such as "to the best of OBA Midwest Ltd.'s knowledge," and the like, are not proper.

The argument that OBA should be required to produce information and documents in the possession of its "sister corporation" because it has "control" over that corporation is **DENIED**.  The resolution of the question turns on disputed issues of fact.  The plaintiffs offered no evidence to support its assertion that OBA has control over information and documents in the possession of another corporation.

It is **ORDERED** that OBA shall serve sworn responses to plaintiffs' second set of interrogatories and the requests for production of documents at issue in the motion on or before January 16, 2005.  All objections other than privilege have been waived by failing to respond timely

---

[1] To the extent that *Essex Builders Group, Inv. v. Amerisure Ins. Co.*, 230 F.R.D. 682 (M.D. Fla. 2005), suggests that a party responding to discovery requests must detail the efforts made to obtain the requested information, I respectfully disagree with the decision in the context of this case.

to the interrogatories and requests for production of documents.  Any privilege objections must be detailed in a privilege log served simultaneously with the responses to the discovery requests.

      **DONE** and **ORDERED** in Orlando, Florida on January 6, 2006.

*Karla R. Spaulding*
        KARLA R. SPAULDING
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties